1

2

3

4

5

6

7

8                    United States District Court

9                  Eastern District of California

10

11

12   James Michael Munro,

13          Petitioner,              No. Civ. S 02-1974 FCD PAN P

14      vs.                          Findings and Recommendations

15   Rosanne Campbell, Warden,

16          Respondent.

17                           -oOo-

18       Petitioner, a state prisoner without counsel, challenges the

19   procedures used in a September 2000 parole suitability hearing.

20   <u>See</u> 28 U.S.C. § 2254.  Respondent[1] moves to dismiss upon the

21   grounds petitioner failed to exhaust available state remedies and

22   the petition is untimely.  Petitioner opposes.

23       September 13, 2000, the Board of Prison Terms (BPT) found

24   petitioner unsuitable for parole.  Petitioner filed an

25   administrative appeal and February 14, 2001, the BPT's decision

26   was affirmed.  Petitioner sought habeas relief in the Amador

_____

      [1]  Rosanne Campbell is substituted as respondent.  <u>See</u> Rule 2(a), Rules
Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1   County Superior Court, which denied relief July 2, 2002, upon the

2   ground the petition was untimely and petitioner failed to justify

3   the delay.  Petitioner filed a civil rights complaint in this

4   court September 10, 2002, which the court ultimately construed as

5   one for habeas corpus relief.

6       A one-year limitation period for seeking federal habeas

7   relief applies to prisoners "in custody pursuant to the judgment

8   of a state court," including challenges to administrative

9   decisions to deny parole.  28 U.S.C. § 2244(d)(1); see Shelby v.

10  Bartlett, 391 F.3d 1061 (9th Cir. 2004) (§ 2244(d) applies to

11  state prison administrative disciplinary decisions);  see also

12  Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003)

13  (assuming one-year limitation period applies to parole board

14  determination).  When a California prisoner challenges a decision

15  of the BPT, the limitation period begins to run from the date on

16  which the factual predicate of a claim could have been discovered

17  through the exercise of due diligence, viz., the day after a

18  prisoner receives notice of the denial of his administrative

19  appeal of the BPT's decision.  28 U.S.C. § 2244(d)(1)(D); Shelby,

20  391 F.3d at 1066; Redd, 343 F.3d at 1082.  A properly filed state

21  post conviction application tolls the limitation period.  28

22  U.S.C. § 2244(d)(2).  A state court application is "properly

23  filed" when it satisfies the state's conditions to filing.  Artuz

24  v. Bennet, 531 U.S. 4, 11 (2000) (state procedural bars are not

25  "conditions to filing" but rather are "conditions to obtaining

26  relief").  A state's time limits for seeking post-conviction

1  relief are conditions to filing and so when a state court denied

2  post conviction relief upon the ground of untimeliness, the

3  application was not "properly filed," and is not a basis for

4  statutory tolling.  <u>Pace v. DiGugliemo</u>, 2005 W.L. 957194 (U.S.).

5     It is not clear when, exactly, the February 14, 2001, BPT

6  decision became final but that does not matter because petitioner

7  filed nothing that could be construed as a federal habeas

8  petition until September 10, 2002, almost 19 months later and he

9  is not entitled to statutory tolling while any "properly filed"

10 state habeas proceeding was pending because the state court found

11 his attempt to seek relief in the state court was untimely and,

12 therefore, not "properly filed."

13    The federal petition is untimely.  Accordingly, respondent's

14 November 29, 2004, motion should be granted and this action

15 should be dismissed as untimely.

16    Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these

17 findings and recommendations are submitted to the United States

18 District Judge assigned to this case.  Written objections may be

19 filed within 20 days of service of these findings and

20 recommendations.  The document should be captioned "Objections to

21 Magistrate Judge's Findings and Recommendations."  The district

22 judge may accept, reject, or modify these findings and

23 recommendations in whole or in part.

24    Dated:  June 7, 2005.

25                        /s/ Peter A. Nowinski
                         PETER A. NOWINSKI
26                       Magistrate Judge